**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN BOTELLO-SALCEDO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70672

Agency No. A095-786-099

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Juan Botello-Salcedo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen, and review de novo

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Botello-Salcedo's motion to reopen as untimely, where he filed the motion beyond the applicable filing deadline, and did not show the motion was subject to any exceptions to the deadline.  *See* 8 C.F.R. § 1003.2(c)(2), (3) (subject to exceptions, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered); *see also Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen seeking only to apply for relief unavailable to the movant at the time of the hearing is still subject to the regulatory requirements governing motions to reopen).

We do not consider Botello-Salcedo's unexhausted contentions that the BIA was not permitted to impose the 90-day deadline under the circumstances presented, or that he showed due diligence for equitable tolling of the filing deadline.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Our jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional

error.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  Botello-Salcedo has not established that the BIA's denial of sua sponte reopening involved any "incorrect legal premise."  *See id.*

We deny as unnecessary Botello-Salcedo's request for judicial notice.

**PETITION FOR REVIEWED DENIED in part; DISMISSED in part.**